QUEEN INCUBATOR COMPANY, APPELLANT, v. NATIONAL SURETY COMPANY, APPELLEE.

FILED JANUARY 7, 1932. No. 27876.

*Fred C. Foster* and *William M. Holt,* for appellant.

*Baylor & Tou Velle* and *George A. Healey, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

NISLEY, District Judge.

This is an action on a fidelity bond, to recover loss sustained on account of the defalcation of one of plaintiff's employees. The trial court sustained defendant's motion for a judgment on the pleadings and dismissed plaintiff's petition and cause of action. Plaintiff has appealed.

The controlling question for determination is: May an action be maintained upon the bond, where notice of the defalcation and resulting loss was not given to the bonding company until more than six months after the term of the bond had expired? Defendant contends that the giving of such a notice is a condition precedent to the right to maintain any action. Its contention is based on one of the conditions of the bond hereinafter quoted. Plaintiff, on the other hand, contends that the provision relied upon by defendant applies to only that class of cases referred to in condition No. 3 of the bond and that, unless its application is so limited, it is inconsistent with another condition of the bond which will be hereinafter set out.

The bond, after providing indemnity for loss occasioned by the misconduct of certain specified employees, contains 12 separate and distinct conditions, each in a separate paragraph, each separately numbered. Conditions No. 3 and the pertinent part of No. 4 are as follows:

"3. In the event of the death of any employee during the term of this bond; or of the suspension, dismissal, or retirement of any employee from the service of the em-

ployer during said term; or upon any employee entering into partnership relations with the employer, this bond shall thereupon terminate automatically as to such employee without any action on the part of the surety. The right to give notice of a claim hereunder shall cease at the end of six months after the termination, expiration, or cancelation of this bond as to any employee.

"4. Upon the discovery by the employer of any evidence of any dishonest act on the part of any employee, the employer shall, at the earliest practicable moment, and at all events not later than five days after such discovery, give written notice thereof addressed to the surety at its home office. Affirmative proof of loss under oath, together with full particulars of such loss, shall be filed with the surety at its home office within three months after such discovery and shall be verified and paid by the surety within sixty (60) days after receipt thereof."

The pleadings show that notice of defalcation and resulting loss was not given until more than six months had elapsed after the term of the bond had expired. In that behalf plaintiff alleged that it did not discover the defalcation until March 8, 1928, and that on the 9th of March, 1928, it gave notice to the defendant of the defalcation. Plaintiff further pleaded: "That plaintiff was without fault in its failure to discover said defalcations or any of them before March 8, 1928."

Condition No. 4 provides for notice not later than five days after the discovery of evidence of any dishonest act on the part of any employee; provides for proof of loss under oath within three months, and that the claim shall be paid by the surety company within 60 days thereafter. Nowhere in the provision is reference made to the six month's time within which to give notice of claim. If the time limit for giving notice of claim, provided in condition No. 3, was meant to apply to any claim under the bond, it certainly would be inconsistent with the provisions of condition No. 4. A careful reading of condition No. 3 leads us to believe that such time limit has reference to

claims under the classification set forth in condition No. 3. In the last sentence of condition No. 3, "The right to give notice of a claim hereunder shall cease," etc., the word "hereunder," as contended by defendant, means "under the bond;" as contended by plaintiff, it means "under the provisions of condition No. 3." We think the latter is to be preferred.

A somewhat similar question was before the court of Missouri in *Goffe v. National Surety Co.*, 321 Mo. 140, wherein it was held: "A provision in the fidelity bond that claims under it must be presented within three months after the expiration of its coverage, and another provision that the assured must give notice immediately upon becoming aware of an act of an employee affecting the liability of the surety company, and within sixty days after the discovery of the loss file itemized statements, are inconsistent where such discovery is not made within three months after the bond has expired."

Likewise, we are compelled to hold that, if the time limitation in condition No. 3 was intended by the defendant to apply to any claim under the bond, then it is inconsistent with condition No. 4, but we are of the view that, fairly construed, the limitation applies only to the class of cases mentioned and specified in condition No. 3. The pleadings do not show that plaintiff's claim arises out of or under any of the contingencies specified in condition No. 3. The time limit therein specified is inapplicable.

A bond of the character of the one sued on is in the nature of an insurance policy, and the rule of almost universal recognition, that the provision of a policy of insurance will be construed most strongly against the insurer and in favor of the insured, is applicable to a bond of this character.

Rulings on the admission and exclusion of evidence are complained of, but it is clear from the record that the entire rulings of the court were based solely upon the construction of the quoted provisions of the bond. The conclusion reached renders it unnecessary to further discuss these rulings.

Because of the erroneous rulings of the court, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED.